UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAIME CASTELLANOS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>NEIL CLARK, et al.,<br><br>　　　　　Respondents. | CASE NO.  C07-573-RSM-MJB<br><br>REPORT AND<br>RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Jaime Castellanos, proceeding pro se, has filed a "Petition for Writ of Habeas Corpus and Petition for Declaratory Relief under 28 U.S.C. § 2241 & Motion for Stay of Deportation pending review of this Petition and to continue through any appeal thereof." (Dkt. #1, Attach. #1).[1]  Petitioner claims that Congress has no authority to set forth rules to deport any person from the United States, and that the deportation of aliens is a violation of the Due

---

[1] Petitioner has filed a previous habeas petition in this Court, challenging the lawfulness of his detention by the U.S. Immigration and Customs Enforcement ("ICE"), which is currently pending before the Honorable James L. Robart, United States District Judge. *Castellanos-Avalos v. Clark*, Case No. C06-1562-JLR-JPD.

REPORT AND RECOMMENDATION
PAGE – 1

Process Clause of the Fifth Amendment. (Dkt. #1, Attach. #1). Petitioner requests that the Court grant his habeas petition and "find the actions of Congress to be unconstitutional and the several statutes to be null and void." *Id.* at 46.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition be DENIED.

## II.  DISCUSSION

### A.  Congressional Regulation of Immigration

Petitioner's contention that Congress lacks the authority to deport aliens is meritless. Petitioner has filed a sixty page habeas petition in support of his claim, consisting of largely irrelevant legal authority such as the Magna Carta, the Mayflower Compact, and the Declaration of Independence. *Id.* Contrary to petitioner's claim, "[c]ourts have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments." *See, e.g., Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 210, 73 S. Ct. 625, 97 L. Ed. 2d 956 (1953). Although the Constitution contains no express mandate relating to immigration matters, the Supreme Court has held that the political branches of the federal government have plenary authority to establish and implement substantive and procedural rules governing the admission of aliens into the United States. *See, e.g., Fong Yue Ting v. United States*, 149 U.S. 698, 701-11, 13 S. Ct. 1016, 37 L. Ed. 2d 905 (1893). Accordingly, petitioner's claim must be dismissed.

### B.  Motion for Stay of Removal

Petitioner has also requested a stay of his removal. The standard of review for a stay of removal is set forth in *Abbassi v. INS*, 143 F.3d 513 (9th Cir. 1998); *see also Andreiu v.*

REPORT AND RECOMMENDATION
PAGE – 2

*Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en banc) (concluding that § 1252(f)(2) does not limit the power of federal courts to grant a stay of removal). Under *Abbassi*, petitioner must show either: (1) the probability of success on the merits plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips in petitioners favor. *Abbassi*, 143 F.3d at 514. "'These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.'" *Andreiu*, 253 F.3d at 483 (quoting *Abbassi*, 143 F.3d at 514). However, if the applicant shows no chance of success on the merits, the injunction should not issue. *Arcamuzi v. Continental Airlines*, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Here, petitioner's habeas petition challenges only the authority of Congresses to enact immigration laws. Because the Court finds petitioner's habeas petition lacks merit, petitioner cannot demonstrate a probability of success on the merits plus the possibility of irreparable harm, or that serious legal questions are raised and the balance of hardships tips in petitioners favor. Accordingly, petitioner's motion for stay of removal must be denied.

### III. CONCLUSION

For the foregoing reasons, I recommend that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 25th day of April, 2007.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 3